■ In the Matter of the Estate of Louis Terner, Deceased. Selma Slater et al., Respondents; William Terner, Appellant.—In a probate proceeding, the contestant appeals from a decree of the Surrogate's Court, Westchester County, dated June 17, 1977, which, inter alia, directed that the will and a codicil thereto be admitted to probate, upon the trial court's direction of a verdict, at a jury trial. Decree affirmed, with costs to respondents payable by appellant. Upon our review of the evidence adduced at the trial, there is no rational process by which the jury could have found in favor of the contestant. The contestant failed to demonstrate that the will was anything other than the unfettered manifestation of the decedent's testamentary intentions. The omission of a natural object of the testator's bounty and affection in his testamentary design raises no inference of undue influence where that person has previously been provided for. The Surrogate found that the decedent was a very successful businessman and quite capable of managing his own affairs. There was no evidence that he was under the influence of any of his children. Accordingly, the decree should be affirmed. Hopkins, J. P., Damiani, Rabin and Margett, JJ., concur.

■ In the Matter of the Town of Oyster Bay, Respondent-Appellant, Relative to Acquiring Title to Real Property for Park Purposes at Syosset in the Vicinity of Jericho Turnpike and South Woods Road in the Unincorporated Area of the Town of Oyster Bay. Executors of Ailsa M. Bruce, Deceased, Appellants-Respondents.—In a condemnation proceeding, the parties cross-appeal from an order of the Supreme Court, Nassau County, dated October 20, 1977, which, after a nonjury trial, inter alia, directed that the trial be reopened for the taking of additional evidence as to the value of the property under an independent valuation basis selected by the court. Order affirmed, without costs or disbursements, on the opinion of Mr. Justice Farley at Special Term. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ In the Matter of Betty V., Respondent, v George V., Appellant.— Appeals from (1) an order of the Family Court, Nassau County, dated January 5, 1977, which granted petitioner's application for an order of support pursuant to article 4 of the Family Court Act and (2) a further order of the same court, entered March 8, 1978, which denied the appellant's motion for a new trial on the ground of newly discovered evidence. Orders affirmed, without costs or disbursements. At the hearing, the evidence conclusively established that appellant, petitioner's second husband, is the child's father. Although the child was conceived during the time petitioner was married to her first husband, there was uncontradicted testimony that petitioner had previously left him and was having sexual relations with appellant whom she later married. Also, appellant has always acknowledged paternity. Consequently, the Family Court correctly determined that appellant is liable for the child's support (see Family Ct Act, §§ 413, 417; Matter of Violet v John, 66 Misc 2d 461). We have considered appellant's other contentions and find them to be without merit. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.